## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHRISTOPHER BELL,                                    CASE NO.:

      Plaintiff,

v.

AMERI-PRIDE PEST CONTROL
SERVICES, INC.,
a Florida Profit Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER BELL ("Mr. Bell" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, AMERI-PRIDE PEST CONTROL SERVICES, INC. ("APPCS" or "Defendant"), a Florida Profit Corporation, and states as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA"), and under Florida's Private Whistleblower Act ("FWA") to recover from Defendant overtime compensation, an additional equal amount as liquidated damages, lost wages, benefits, compensatory damages, including front pay and back pay and emotional distress damages, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

2.    Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Pinellas County, Florida.

## PARTIES AND FLSA COVERAGE

3.      At all times material hereto, Plaintiff was a resident of Pasco County, Florida.

4.      At all times material hereto, Defendant was, and continues to be, a Florida Profit Corporation located in Clearwater, Pinellas County, Florida, and continues to be engaged in business in Pinellas County, Florida.

5.      At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

6.      At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

7.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and the FWA.

8.      At all times material hereto, Defendant was the "employer" within the meaning of the FLSA and the FWA.

9.      At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

10.      At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11.      Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 per annum during the relevant time periods.

12.      At all times relevant hereto, Defendant was primarily engaged in the provision of pest control, lawn maintenance, and fertilization services in, among other places, Pinellas County, Florida.

13.      At all times material hereto, Defendant had two (2) or more employees handling,

2

selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

15.     At all times material hereto, Defendant employed ten (10) or more persons.

## STATEMENT OF FACTS

16.     Plaintiff worked as an hourly paid and non-exempt Crew Member and, later, Crew Leader for Defendant from May 15, 2018, until his unlawful termination on December 15, 2018.

17.     Plaintiff performed non-exempt duties for Defendant and was therefore entitled to be compensated for overtime work.

18.     At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

19.     Mr. Bell was not exempt from overtime under the FLSA and should have been paid his full and proper overtime compensation.

20.     Mr. Bell had no authority to hire or fire employees of APPCS.

21.     Mr. Bell had no authority to discipline employees of APPCS.

22.     Mr. Bell had no authority to determine the schedules to be worked by any employees of APPCS, or to change their schedules.

23.     Mr. Bell had no authority to set rates of pay for other employees or agents of APPCS.

24.     Mr. Bell had no input into performance reviews of other employees or agents of APPCS.

25.     All of Plaintiff's major decisions had to be cleared in advance by one of APPCS's supervisors.

26.     Mr. Bell was closely monitored by APPCS's managers and supervisors at all times.

27.     Plaintiff followed procedures established by APPCS and did exactly as he was instructed to do.

28.     Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

29.     Defendant paid Plaintiff an hourly rate of $13.00 per hour.

30.     Plaintiff regularly worked sixty (60) or more hours per week for Defendant.

31.     Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

32.     When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

33.     At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

34.     In September of 2018, APPCS's Office Manager, David, informed Mr. Bell that he had been promoted to the position of Crew Leader and that he would thereafter oversee a crew of six (6) Crew Members.

35.     After overseeing his crew for a few days, Mr. Bell personally observed several Crew Members using illegal or illicit drugs on the properties of Defendant's clients and also in Defendant's vehicles, all while on the clock working.

36.     Furthermore, Mr. Bell's Crew Members would openly and brazenly discuss their

on-the-job drug use in front of Mr. Bell and other APPCS employees.

37.   Mr. Bell immediately objected to David, and to APPCS Account Manager, Bryan, that APPCS's actions violated, *inter alia*, Section 5(a)(1) of the Occupational Safety and Health Act (the General Duty Clause),  Section 893.13, *et seq*., Florida Statutes, Section 5E-9.023 of the Florida Administrative Code, Section 5E-9.026, of the Florida Administrative Code, and Section 5E-9.034 of the Florida Administrative Code.

38.   Mr. Bell's objections were protected activity under the FWA.

39.   In response, David and Bryan denied the violations of law by APPCS, and told Mr. Bell that they could not even investigate the matter because it was, according to them, "hearsay."

40.   Worse, very shortly thereafter, APPCS retaliated against Mr. Bell by reducing his hours on the schedule quite sharply.

41.   APPCS ramped up its retaliation against Mr. Bell for his objections to APPCS's violations of law by relocating him to a more distant APPCS location.

42.   After his relocation, Mr. Bell was forced by APPCS to perform work off the clock, including making deliveries and picking up supplies.

43.   Also after his relocation, APPCS, when it did pay Mr. Bell for any overtime hours worked, did so only at a straight time rate, and not at the required time-and-a-half rate under the FLSA.

44.   Mr. Bell objected on numerous occasions to APPCS Irrigation Manager, Robert Youngblood, that APPCS's pay practices violated the FLSA.

45.   These objections were protected activity under the FLSA and the FWA.

46.   In the weeks that followed, Mr. Bell also objected to the unsafe, fault-ridden

vehicles that he and his crew were forced to operate and travel in by APPCS, many of which featured faulty brakes and dangerously worn tires.  Mr. Bell objected to APPCS that its actions violated OSHA's General Duty Clause.

47.     Mr. Bell's objections to these OSHA violations were protected activity under the FWA.

48.     APPCS's winter break period arrived on December 15, 2018, and ended on January 5, 2019.

49.     In retaliation for Mr. Bell's objections to APPCS's various violations of law, APPCS terminated Mr. Bell's employment by refusing to take his calls or answer his inquiries about whether he would be on the schedule after APPCS's winter break ended.

50.     Mr. Bell's employment was terminated by APPCS, effective December 15, 2018.

51.     Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA, and because of his other objections to Defendant's various illegal actions and practices.

52.     There is an extremely close temporal proximity/nexus between Plaintiff asserting his objections to Defendant's illegal pay practices, and to Defendant's other violations of law, and his termination shortly thereafter.

53.     Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

54.     As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

55.     Plaintiff should have been compensated at the rate of one and one-half times

Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

56.　Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

(b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

57.　Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

58.　Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

59.　Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

60.　Based on the allegations in Paragraphs 57-59, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

7

61.     As to his FWA Claims, Plaintiff's objections and refusals were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Mr. Bell as a whistleblower under the law.

62.     Plaintiff was terminated in direct retaliation for reporting and objecting to Defendants' unlawful actions, or what he reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes. *See Aery v. Wallace Lincoln-Mercury, LLC,* 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

63.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

64.     Plaintiff reincorporates and re-alleges paragraphs 1 through 34, 42 through 45, 48 through 60, and 63 of the Complaint as though fully set forth herein, and further alleges as follows:

65.     Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

66.     During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

67.     Plaintiff was not an exempt employee as defined by the FLSA.

68.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring

reasonable attorneys' fees and costs.

69.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

a.     Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.     Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c.     Award Plaintiff liquidated damages in an amount equal to the overtime award;

d.     Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.     Award Plaintiff pre-judgment interest; and

f.     Order any other and further relief that this Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

70.     Plaintiff reincorporates and re-alleges Paragraphs 1 through 34, 42 through 45, 48 through 60, and 63 of the Complaint as though set forth fully herein, and further alleges as follows:

71.     Plaintiff objected to Defendant's illegal pay practices after the retaliatory relocation to which he was subjected by Defendant, and asserted violations of the FLSA.

72.     Shortly thereafter, Defendant illegally terminated Plaintiff from his employment

in violation of 29 U.S.C. § 215(a)(3).

73.     Plaintiff was terminated for no other reason than his objections to Defendant's illegal pay practices.

74.     As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

75.     The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]."  29 U.S.C. § 215(a)(3).

76.     In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions.  The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in his favor and against Defendant for his actual and compensatory damages, including front pay and back pay and emotional distress damages, for liquidated damages, as well as for his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

77.     Plaintiff reincorporates and re-alleges Paragraphs 1 through 4, 7 through 8, 15 through 16, 26 through 27, 34 through 54, 56 through 59, and 61 through 63 of the Complaint as if set forth fully herein, and further alleges as follows:

78.     On December 15, 2018, Defendant illegally terminated Plaintiff from his employment in violation of Fla. Stat. § 448.102(3).

79.     Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant.

80.     Plaintiff objected to a violation of a law, rule, or regulation, or what he reasonably believed to be a violation of a law, rule, or regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

81.     As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 3rd day of June, 2020.

Respectfully submitted,

**By: /s/ Noah E. Storch**

Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Trial Counsel for Plaintiff*